IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LANGSTON BENJAMIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. H-17-817 |
| | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is United States' Motion to Dismiss, or in the alternative, Summary Judgment and Brief in Support (Doc. 3). Benjamin has filed no response to the motion. For the reasons discussed below, it is **RECOMMENDED** that the motion be **GRANTED**.

### I. Case Background

Benjamin filed this action to contest proposed levies on his property stemming from $1,058,832.44 in taxes he presently owes to the Internal Revenue Service ("IRS").[2] Benjamin complains that he requested to repay the tax arrears at a rate of $1,000 per month but the IRS wrongfully refused to agree.[3] He argues that the IRS's refusal to accommodate his request will cause him to go out of business and violates the "Due Process statute" as well as the

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act and Federal Rule of Civil Procedure 72. See Doc. 4, Ord. Dated June 5, 2017.

[2] See Doc. 1, Pl.'s Orig. Compl. pp. 2-3.

[3] Id. p. 4.

Internal Revenue Code, the applicable regulations, and the Internal Revenue Manual.[4]

## II. Dismissal Standards

### A. Rule 12(b)(1)

Pursuant to the Federal Rules of Civil Procedure ("Rule"), dismissal of an action is appropriate whenever the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), 12(h)(3). The party asserting jurisdiction bears the burden of proof that jurisdiction does exist. In re FEMA Trailer Formaldehyde Prods. Liab. Litig., 646 F.3d 185, 189 (5th Cir. 2011)(citing Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001)).

The court may decide a motion to dismiss for lack of jurisdiction on any of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming, 281 F.3d at 161 (citing Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996)). The court, in determining whether it is properly vested with subject matter jurisdiction, is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." Krim v. pcOrder.com, Inc., 402 F.3d 489, 494 (5th Cir. 2005)(quoting Montez v. Dep't of Navy, 392 F.3d 147, 149 (5th Cir. 2004)).

---

[4] Id. pp. 4-5.

2

**B. Rule 12(b)(6)**

Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011)(quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 678. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. 678. "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995)(citation omitted).

**C. Rule 4(i)**

In order to obtain service of process on an agency of the United States of America, a plaintiff must comply with Rule 4(i). Rule 4(i)(2) requires that when serving a United States agency, the requirements of Rule 4(i)(1) must be met.

Rule 4(i)(1) requires that the summons and complaint must be served as follows: (1) by delivering a copy to the U.S. Attorney's clerical employee designated to accept service or sending the same via certified mail; (2) sending a copy of the summons and complaint to the Attorney General of the United States by registered or certified mail; and (3) sending a copy to the agency or officer whose order has been challenged. See Fed. R. Civ. P. 4(i)(1)(A),(B),(C).

### III. Analysis

Presently before the court is the United States' motion to dismiss, which urges dismissal on several grounds. First, the United States argues that the court lacks subject matter jurisdiction to hear Benjamin's due process claim. Defendant next argues that Benjamin has failed to state a claim upon which relief can be granted because he has not exhausted his administrative remedies and the statutory tax scheme does not permit this type of suit. Lastly, the United States argues that Benjamin failed to serve process on it in accordance with the applicable rules. The court begins and ends with the service-of-process issue.

As outlined above, Rule 4(i) requires Plaintiff to serve process on the United States Attorney, the U.S. Attorney General and the Internal Revenue Service. See Fed. R. Civ. P. 4(i)(1)(A),(B),(C). The United States posits that it has not been properly served and points to the court's docket sheet which reflects that no summonses have been issued by the Clerk. Benjamin has not responded to this argument, and the court agrees that the docket sheet does not reflect any attempt by Benjamin to perfect service of process on the United States. The docket sheet also indicates that Benjamin has failed to pay the required filing fee.

Pursuant to Rule 4(m), a plaintiff has ninety days to effect service of process on a defendant. If a defendant is not served within this time frame, the court "must dismiss the action without prejudice against the defendant or order that service be made within a specified time." See Fed. R. Civ. P. 4(m). This action was filed on March 14, 2017, and over five months have passed without the initiation of service of process or a request that this deadline be extended.

In light of the foregoing, the court **RECOMMENDS** that this action be **DISMISSED** without prejudice for Benjamin's failure to timely effectuate service of process and for his failure to pay the filing fee.

The court may reconsider this recommendation upon a timely filed objection demonstrating good cause for Benjamin's failure to

comply with the applicable service-of-process rules. The objection must also include Benjamin's response to the merits of the United States' motion to dismiss, supported by case law. Benjamin must pay the filing fee.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 6th day of September, 2017.

_____
U.S. MAGISTRATE JUDGE